J. Steven Sparks
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012
Telephone: 602-532-5769
steve.sparks@sandersparks.com

Colm Moran (*pro hac vice*)
Robert E. Feyder (*pro hac vice*)
Adam Lauridsen (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: 424-285-8330
cmoran@shb.com
rfeyder@shb.com
alauridsen@shb.com

*Counsel for Plaintiff*
*The Lion Electric Company*

Dennis I. Wilenchik
**WILECNHIK & BARTNESS P.C.**
2810 North Third Street
Phoenix, AZ 85004
Telephone: 602-606-2810
admin@wb-law.com

Gabor Balassa (*pro hac vice*)
Madelyn A. Morris (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: 312-862-2000
gbalassa@kirkland.com
madelyn.morris@kirkland.com

*Counsel for Defendant*
*Nikola Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Lion Electric Company, a Canadian corporation,<br>    Plaintiff,<br>v.<br>Nikola Corporation, a Delaware corporation,<br>    Defendant. | Case No. 2:23-cv-00372-PHX-DGC<br><br>**[PROPOSED] PROTECTIVE ORDER** |

The Court recognizes that documents and information ("**Materials**" as defined herein) being sought through discovery in the above-captioned action (the "**Action**") likely involve confidential, proprietary, or private information. Plaintiff, The Lion Electric Company, and Defendant, Nikola Corp., (collectively "**Parties**" and each individually a "**Party**") by and through their undersigned counsel have agreed to be bound by the terms

of this Protective Order ("**Order**") in this Action to govern disclosure and use by the Parties of Materials and to protect the respective interests of the Parties in their confidential information.  This Order shall remain in effect unless modified pursuant to the terms contained in this Order and is binding on all Parties and their counsel.

Accordingly,

**IT IS ORDERED** that the parties' Protective Order is granted and the following provisions shall be enforced.

The following Definitions apply in this Order:

A.     The term "**Confidential Information**" means any information that the producing party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.  Confidential Information may include all Materials that a Party, in good faith, believes constitutes information that is non-public (*e.g.*, information containing trade secrets, proprietary business, financial, or other commercially sensitive information, and sensitive personal information, including financial information) and which the Party would normally not reveal or would maintain or cause to be maintained in confidence.  Confidential Information does not include any information that is in the public domain at the time of disclosure to the receiving Party, or becomes part of the public domain after its disclosure to the receiving Party as a result of publication not involving a violation of this Order, and any information known to the receiving Party prior to the disclosure or lawfully obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating Party.

B.     The term "Attorneys' Eyes Only" means any information that is extremely confidential and/or sensitive in nature and the producing Party reasonably believes that the disclosure of which is likely to cause significant harm to an individual or to the business

or competitive position of the producing Party. The Parties agree that the following Materials, if nonpublic, may be designated as Attorneys' Eyes Only: corporate trade secrets; nonpublic research and development data, including but not limited to cost data, pricing formulas, inventory management programs, and other similar competitive and business-sensitive information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related personal non-public information (i.e., information of a medical or intimate nature) shall be deemed Attorneys' Eyes Only. In designating discovery materials as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the producing Party will make such designation only as to that information that the producing Party in good faith believes to be entitled to Attorney's Eyes Only treatment.

C.  The term "**Materials**" means all information all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to, answers to interrogatories, responses to requests for production, responses to requests for admission, and transcripts of depositions and hearings (or portions of such transcripts).

D.  The term "**Counsel**" means in-house counsel, who are attorneys employed by a Party to this Action; all counsel of record throughout the litigation, including outside counsel of record; and other attorneys, paralegals, secretaries, and support staff employed in the office of any counsel of record.

E.  The term "**Expert**" means a person who has been retained by a Party or its counsel to serve as an expert witness or as an undisclosed consultant in this Action (as well as his or her employees and support staff).

F.  The term "**Professional Vendors**" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits

or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

The following provisions apply in this litigation:

1. The Parties acknowledge, irrespective of any unilateral designation by the producing Party, this definition or the scope of this Order does not confer a blanket protective order as to all documents, data or information produced, but is limited to only those materials that are protected by Federal Rule of Civil Procedure 26(c) or other applicable authority. The Parties further acknowledge, as set forth in Paragraph 12 below, that this Order does not entitle them to file confidential information under seal; the Parties must follow the procedures and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. This Order and its protections apply for pre-trial purposes only. This Order does not govern the use of Confidential Information at trial. The Parties will meet and confer at the appropriate time regarding any use of Confidential Information at trial, which use shall be governed by a separate agreement or order.

3. Each Party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and/or transcripts of trial testimony and depositions that the producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    (a) Designation as "CONFIDENTIAL": Any Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party.

    (b) Designation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY": Any party may designate information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only if, in the good faith belief of such

party and its Counsel, the information is among that considered to be most sensitive by the Party, including but not limited to trade secret or other confidential data related to research, development, finances, or customers.

4. To the extent that the producing Party produces discovery Materials in this Action that were produced in the ICC Arbitration, Case No. 27332/PDP, between The Lion Electric Company and Romeo Systems, Inc., such discovery Materials shall be presumed to be designated as "CONFIDENTIAL." If the producing Party wishes any such discovery Materials to be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the producing Party must provide a log identifying with particularity the discovery Material(s) the producing Party wishes to designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5. In the event the producing Party elects to produce Materials for inspection, no marking need be made by the producing Party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting Party, the producing Party must, within a reasonable time prior to producing those Materials to the inspecting Party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any Party:

(a) The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A Party will have until thirty (30) days after receipt of

the final deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b) Prior to the disclosure of Confidential Information, the disclosing Party will have the right to exclude from attendance at the deposition any person other than the deponent, Counsel (including their support staff), the court reporter, and the person(s) agreed upon pursuant to Paragraph 8, below.

(c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not be disclosed by the receiving Party to anyone other than those persons designated within this Order, must be handled in the manner set forth below, and must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties or by order of the Court.

8. Materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be viewed only by:

(a) Counsel (as defined in Paragraph C, above) of the receiving Party;

(b) Experts (as defined in Paragraph E, above). Prior to receiving any Confidential Information of the producing Party, the Expert must execute a copy of the "Agreement to Be Bound by Stipulated

|   |   |   |
|---|---|---|
|   |   | Protective Order," attached hereto as Exhibit A. Counsel for the receiving Party must retain executed copies of such exhibits; |
|   | (c) | The Court and its personnel, and any appellate court or other court (and their personnel) before which the Parties appear in this Action; |
|   | (d) | Court reporters, videographers, and their staff employed in this Action and acting in that capacity; |
|   | (e) | Professional Vendors (as defined in Paragraph F, above), professional jury or trial consultants, and mock jurors. Prior to receiving any Confidential Information of the producing Party, the Professional Vendor must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A). |
|   | (f) | Any author or recipient of Materials containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information and who has executed a copy of the "Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);. |
|   | (g) | Such other persons as the Parties may agree or may be ordered by the Court; and |
|   | (h) | Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions. |

9. Materials designated "CONFIDENTIAL" may be viewed only by the individuals listed in Paragraph 8, above, and by the additional individuals listed below:

(a) The Parties and any Party officers, employees, directors, principals, or executives to whom disclosure is reasonably necessary for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Order; and;

      (b)  Deponents and witnesses during a deposition, hearing, or deposition preparation consistent with Paragraph 11.

10. Before any Materials produced in discovery or other documents which are designated as Confidential Information are filed with the Court for any purpose, the Party seeking to file such Material must seek permission of the Court to file the Material under seal. The Parties must follow the procedural requirements of Local Rule of Civil Procedure 5.6. Nothing in this Order shall be construed as automatically permitting a Party to file under seal. Every motion to seal, including stipulations pursuant to Local Rule of Civil Procedure 5.6(d), must identify the legal standard applicable to the document at issue and explain why the Material sought to be sealed meets that standard. Where a Party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to Local Rule of Civil Procedure 5.6(c), must include highlighting to indicate which portions of the document the party seeks to redact. Additionally, a Party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if the party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.

11. Materials, regardless of their designation, shall be used solely for the prosecution or defense of this Action.

12. At any stage of these proceedings, any Party may object in good faith to a designation of confidentiality. The Party objecting to confidentiality must submit written objections and the grounds for the objections to Counsel for the producing Party for each document. Upon receipt of the written objection, Counsel for the producing Party shall, provide a written response to the objecting Party explaining the basis and supporting authority for the designation. The Parties shall meet and confer in good faith regarding the timing of the response. The Parties shall meet and confer in good faith in a timely manner to attempt to resolve the dispute without resort to Court intervention. If the dispute is not resolved consensually between the parties within fourteen (14) days of the Parties' meet-and-confer, the objecting Party may move the Court for a ruling on the objection. The

producing Party shall have 10 (ten) business days to file a response. The challenging Party shall have 5 (five) business days to file a reply. The producing Party has the burden of establishing that the document is entitled to protection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information or Attorneys' Eyes Only, as designated by the producing Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

13. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this Action. The Parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, Counsel for each Party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately notify the other Party in writing, including bringing all pertinent facts relating to the unauthorized disclosure to the attention of the other Party, use best efforts to retrieve all unauthorized copies of the Confidential Information, and, without prejudice to any rights and remedies of the other Party, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure. If the receiving Party discovers a breach of security relating to the Confidential or Attorneys' Eyes Only Information of a producing Party, the receiving Party shall: (a) provide written notice to the producing Party of the breach within 24 hours of the receiving Party's discovery of the breach; (b) investigate the effects of the breach, undertake reasonable, industry-standard actions to remediate the effects of the breach, and provide the Producing party with assurance reasonably satisfactory to the receiving party that the breach shall not recur; and (c) provide sufficient information about the breach that the producing party can ascertain the size and scope of

the breach. The receiving Party agrees to cooperate with the producing Party or law enforcement in investigating any such security incident and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information and retrieve all copies of such information. Liability for the costs associated with any breach shall be borne by the receiving party impacted by the data breach.

14. No Party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

15. If a Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing Party may give written notice to the receiving Party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order. The receiving Party must treat the Materials as Confidential once the producing Party so notifies the receiving Party. If the receiving Party has disclosed the Materials before receiving the designation, the receiving Party must notify the producing Party in writing of each such disclosure. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its confidential nature or preclude the producing Party from designating said document or information as confidential at a later date.

16. Nothing within this Order will prejudice the right of any Party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17. Upon the discovery by the producing Party that privileged Material was unintentionally produced in this Action, the producing Party shall promptly notify the receiving Party in writing that the producing Party is requesting the return of privileged Material (the "Clawback Notice"). Such Clawback Notice should identify the privileged Material by Bates number. Should the receiving Party discover that privileged Material

has been produced in this Action, the receiving Party shall promptly notify the producing Party of the existence of such privileged Material and request that the producing Party confirm in writing whether it requests that such material should be returned.

    a.    Upon receiving written notice from the producing Party that privileged and/or work product material has been produced and should be returned, the receiving Party shall return all privileged Material identified in such written notice, and all copies thereof, to the producing Party within a reasonable timeframe of receipt of such notice. The receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the identified Materials in electronic format. The receiving Party may make no use of the privileged Material during any aspect of this Action or any other matter, including in depositions or at trial, unless the producing Party waives any protection in writing or the privileged Material is later determined by a court to not be privileged or otherwise protected from disclosure.

    b.    The producing Party will promptly provide a privilege log providing information required by Federal Rule of Civil Procedure 26(b)(5) and applicable case law to the receiving Party

18. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information, including any ground not addressed in this Order. The existence of this Order must not be used by either Party as a basis for waiver of any right to object on any ground to use in evidence of any of the Material covered by this Order.

20. Nothing in this Protective Order shall limit any producing Party's use of its own documents or shall prevent any producing Party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information. Nothing in this Order shall impose any restrictions on the use or disclosure by a Party or witness of documents, material, or information lawfully obtained by such Party or witness independently of the discovery proceedings in this Action, from a source who obtained the information lawfully and under no obligation of confidentiality to the designating Party, whether or not such documents, material or information are also obtained through discovery proceedings in this Action.

21. Within sixty (60) days of the final termination of this Action, including any and all appeals, Counsel for each Party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the Party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy it. With respect to paper copies, return or destruction of Confidential Information is at the option of the producing Party. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney-work-product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney-work product will continue to be bound by this Order with respect to all such retained information after the conclusion of this litigation.

22. Transmission by e-mail, facsimile, or other reliable electronic means is acceptable for all notification purposes within this Order.

23. This Order may be modified by agreement of the Parties, subject to approval by the Court. The Parties expressly reserve all rights to seek further protection.

24. Nothing in this Order abridges the right of any person to seek its modification by the Court for good cause in the future.

25. After termination of this Action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of Confidential Information and Materials designated as Confidential for enforcement of the provisions of this Order following termination of this litigation.

SO ORDERED

Date:_____, 2023        _____
                                        Hon. David G. Campbell
                                        Senior United States District Judge

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Lion Electric Company, a Canadian corporation<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Nikola Corporation, a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No. 2:23-cv-00372-PHX-DGC<br><br>**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

I, _____, declare and say that:

　　　　1.　　I am employed as _____ by _____.

　　　　2.　　I have read the Stipulated Protective Order (the "Order") entered in _____ and have received a copy of the Order.

　　　　3.　　I promise that I will use any and all "Confidential" or "Confidential – Attorneys' Eyes Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

　　　　4.　　I promise that I will not disclose or discuss such "Confidential" or "Confidential – Attorneys' Eyes Only" information with anyone other than the persons described in Paragraphs 8 and 9 of the Order.

5.   I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6.   I understand that any disclosure or use of "Confidential" or "Confidential – Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.   I will return all "Confidential" or "Confidential – Attorneys' Eyes Only" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" or "Confidential – Attorneys' Eyes Only" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____
                                                                Signature