WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lion Electric Company, | No. CV-23-0372-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Nikola Corporation, | |
| Defendant. | |

The parties have filed a proposed protective order, but no motion for its approval and no explanation of why it is warranted in this case. Doc. 40. The parties seek protection to facilitate the exchange of sensitive business information during discovery. *Id.*

"It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted). "Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *Id.*; *see Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) ("[A] 'good cause' standard 'applies to private materials unearthed during discovery[.]'") (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)); *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("Any [Rule 26(c)] order . . . requires that the court's determination 'identify and discuss the factors it considered in its 'good

cause' examination[.]'") (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002)).

"For good cause to exist, the party seeking protection bears the burden of showing *specific prejudice or harm* will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11 (emphasis added); *see Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211; *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) ("We reasoned in *Phillips* that when a district court grants a protective order to seal documents during discovery, 'it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'").

The parties' filing does not identify specific prejudice or harm that will result from public disclosure of the unidentified business information. Doc. 40. Nor does it show good cause for a protective order as required by Rule 26(c). *See Holtz v. State Farm Mutual Auto. Ins.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that "a party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document"); *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-JLT, 2021 WL 4318122, at *6 (E.D. Cal. Sept. 23, 2021) ("As the Ninth Circuit has stated, a stipulated blanket protective order generally does not by itself demonstrate 'good cause' for sealing specific information and documents.") (citing *Kamakana*, *Foltz*, and *Beckman*).

The Court will not enter the proposed protective order without the required showing. The parties should at a minimum identify specific categories of information they seek to protect and provide a sufficient factual basis for the Court to engage in the scrutiny required by Rule 26(c) and Ninth Circuit law.

**IT IS ORDERED** that the parties' proposed protective order (Doc. 40) is **denied** without prejudice.

Dated this 27th day of November, 2023.

*David G. Campbell*
David G. Campbell
Senior United States District Judge