WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lion Electric Company,<br><br>    Plaintiff,<br><br>v.<br><br>Nikola Corporation,<br><br>    Defendant. | No. CV-23-00372-PHX-DGC<br><br>**ORDER** |

  The parties disagree on which state's law governs the attorney-client privilege in this case, Arizona's or Delaware's.  *See* Doc. 71.  Lion challenges some of Nikola's privilege assertions, and the parties require a resolution of this issue so they can confer about and resolve Lion's challenge.  At the Court's direction, the parties submitted a joint memorandum setting forth their positions.  Doc. 72.  After reviewing their arguments, the relevant case law, and six of the communications at issue (that were submitted *in camera*), the Court concludes that Arizona law controls the privilege in this case.

  "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501.  State law provides the rule of decision in this diversity case.  "Rule 501, however, does not tell us which state law the forum state should apply."  *KL Grp. v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir. 1987).  Commentators have suggested several methods for resolving this choice-of-law issue: (1) use the privilege law of the state whose substantive law provides the rule of

decision; (2) apply the privilege law of the state in which the federal court sits; or (3) apply the conflict-of-law doctrine of the state in which the federal court sits. *Id*. (citing 23 C. Wright & K. Graham, Jr., Federal Practice and Procedure § 5435, at 865-69 (1980); 2 Weinstein's Federal Evidence § 501[02] (1986)).

In this case, the parties agree the Court should apply Section 139 of the Restatement (Second) of Conflict of Laws. *Id*. at 11, 17. The parties also agree that as between the two states in question, Delaware has the broader attorney-client privilege law. *Id*. at 2, 11 n.8. In other words, the parties agree that some communications that would be privileged under Delaware law would not be privileged under Arizona law. Lion argues that Arizona law shoulda apply, Nikola argues for Delaware law.[1]

Section 139 provides that "[e]vidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect." Restatement § 139(2). Because the parties agree that Arizona's privilege law is narrower, this rule works as follows: If Delaware has the most significant relationship to the communications in this case, Arizona's narrower privilege law — the law of the forum — governs unless there is a special reason Arizona's policy should not be applied. If Arizona has the most significant relationship to the communications, its privilege law governs.

Comment e to § 139 provides guidance on which state has the most significant relationship with the communications:

> The state which has the most significant relationship with a communication will usually be the state where the communication took place, which, as used in the rule of this Section, is the state where an oral interchange between persons occurred, where a written statement was

---

[1] The difference between Delaware and Arizona law is their treatment of waiver of the attorney-client privilege. The parties agree that the participation of a financial advisor in attorney-client communications may waive the privilege under Arizona law, but would not waive it under Delaware law. *Id*. The Court has not been asked to address the breadth of the Arizona and Delaware privileges or their approaches to waiver.

> received or where an inspection was made of a person or thing. . . . The state where the communication took place will be the state of most significant relationship in situations where there was no prior relationship between the parties to the communication. If there was such a prior relationship between the parties, the state of most significant relationship will be that where the relationship was centered unless the state where the communication took place has substantial contacts with the parties and the transaction.

*Id.*

For written communications (the only kind at issue in this order), Comment e suggests that the state where the communication was "received" has the most significant relationship. This suggestion, made by the ALI in 1971, is problematic in a day of electronic communications. Email communications — which represent most of the communication at issue here — usually go back and forth between the communicating parties several times in a single email string, resulting in virtually everyone being the "receiving" party for at least some of the communications. Email communications can also be received by people in many states simultaneously, making it impossible to determine which party "received" a communication. Commentators have noted this difficulty with the Comment e approach. *See* Graham C. Lilly & Molly Bishop Shadel, *When Privilege Fails: Interstate Litigation and the Erosion of Privilege Law*, 66 Ark. L. Rev. 613, 643 (2013) ("determining the state with the 'most significant relationship' may prove problematic with electronic communication").

This case provides an apt example. The communication designated as "Nikola Priv 262" includes four emails over the course of three days among eight people in three states: Arizona (location of Nikola personnel), New York (location of financial advisors), and California (location of outside lawyers). Doc. 72 at 22-23. It would make little sense to find that the state with the most significant relationship — and therefore the applicable privilege law — varies from email to email, or maybe even within a single email string, depending on who happens to be copied and who appears to be the primary recipient. The "received" test for written email communications simply does not work in this case.

The second part of Comment e suggests that if the parties to the communication in question had a prior relationship, then the state where that relationship was "centered" will usually be the state with the most significant relationship. This too is unhelpful, as Nikola does not contend that the outside lawyers, financial advisors, and Nikola personnel who participated in the communications had a prior relationship, much less that the relationship was centered in Delaware.

The Court must accordingly look to other relevant facts. This case arises out of Nikola's acquisition of Romeo, a battery manufacturer that made batteries for Nikola and Lion, both of which produce electric vehicles. Lion claims "that Nikola hatched a plan, for purposes of its own commercial interests, to acquire Romeo and force it to breach its existing customer contracts to allow it to service Nikola alone." *Id.* at 17.

Nikola argues that Delaware law should govern the attorney-client privilege because Nikola is a Delaware corporation, Romeo was a Delaware corporation, and the acquisition was governed by Delaware law. But the question is not which state has the most significant relationship with the transaction, but which state "has the most significant relationship with the communication," Restatement § 139(2), and none of the communications in question occurred in Delaware or involved people in Delaware.

Nikola relies on *3Com Corp. v. Diamond II Holdings, Inc.*, No. CIV.A. 3933-VCN, 2010 WL 2280734 (Del. Ch. May 31, 2010), but this case is not persuasive. *3Com* purported to apply Restatement § 139, but in fact did not select the state with the most significant relationship to the communication as that section requires. *3Com* acknowledged that "[m]ost of the challenged communications were received by, or originated from, 3Com personnel in Massachusetts," and even observed that the Comments in § 139 favored selection of Massachusetts law. *Id.* at *5. The court nonetheless chose to apply Delaware for reasons largely unrelated to the communications in question: "The parties selected Delaware law to govern the Merger Agreement, and chose Delaware as the forum for any disputes arising out of the Merger Agreement. Delaware has a considerable interest in ensuring that corporate entities seeking a business combination under its laws

may expect consistent and predictable treatment when appearing before its Courts." *Id.* at *5. Indeed, *3Com* specifically stated that it was considering the "general policy objectives" found in § 6 of the Restatement. *Id.* at *5 n.30. Because the Court does not view *3Com* as applying § 139 faithfully, the Court will not follow it in this case.

Lion's argument is more persuasive. Nikola is headquartered in Arizona and has its principal place of business here (Docs. 1 ¶ 2, 33 ¶ 2), and Nikola officers and in-house attorneys located in Arizona were parties to the communications in question (Doc. 72 at 22-23). No participant in the communications was located in Delaware. Further, Arizona is the place from which Nikola would have put questions to and received counsel from its outside lawyers, and the place where it would have implemented their legal advice.

The location of the privilege holder is also a relevant factor favoring the selection of Arizona law. As the Court noted in another case:

> Since privileges primarily benefit their holders — such as a client or patient — identifying the holder should be an important indication of which state has the most significant relationship to the communication. The privilege holder's affiliation with competing states is of paramount importance and should be a primary factor in determining which state has the most significant relationship to a communication.

*In re: Bard IVC Filters Prods. Liab. Litig.*, No. MDL 15-2641 PHX DGC, 2016 WL 3970338, at *4 (D. Ariz. July 25, 2016) (cleaned up) (quoting Graham C. Lilly & Molly Bishop Shadel, *When Privilege Fails: Interstate Litigation and the Erosion of Privilege Law*, 66 Ark. L. Rev. 613, 649 (2013)). Nikola holds the privilege in this case and it operates in Arizona, received counsel in Arizona, and acted from Arizona.

The Court concludes that Arizona has the most significant relationship with the communications at issue in this case. Under Restatement § 139, the attorney-client privileged will be governed by Arizona law.

DATED this 13th day of September, 2024.

*/s/ David G. Campbell*
David G. Campbell
Senior United States District Judge