**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lion Electric Company, | No. CV-23-00372-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Nikola Corporation, | |
| Defendant. | |

Nikola has filed three motions for letters rogatory, asking the Court to initiate the process of obtaining depositions of three witnesses in Canada. The motions come only weeks before the close of discovery and are opposed by Lion.

The fact discovery deadline in this case is October 31, 2024, after being extended once for good cause. Doc. 52. The Court's scheduling order specifically states: "The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly." Doc. 39 at 4. The fact discovery period commenced on October 18, 2023. Doc. 39 at 1. The parties have had more than a year to complete depositions and other fact gathering, and yet Nikola did not file its motions for letters rogatory until September 27, 2024, just over one month before the close of discovery. Docs. 77-80.

The decision to issue letters rogatory rests within the discretion of the court. *United States v. Sedaghaty*, 728 F.3d 885, 917 (9th Cir. 2013). In the Court's experience, letters rogatory can take many months to produce a witness in a foreign country. Issuing letters

1 | rogatory at this late stage of the litigation would result in fact discovery extending well beyond the October 31, 2024 deadline.

Rule 16 provides that a discovery deadline set by the Court may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The good cause standard primarily considers the diligence of the party seeking the amendment. *Id*. at 609. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). Where a party has not been diligent, the inquiry ends and the motion is denied. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 609.

The question, then, is whether Nikola could through reasonable diligence have completed the letters rogatory process by the discovery deadline.

**A.    Jean Bazinet.**

Nikola seeks to depose Jean Bazinet, Lion's former Procurement Director. Nikola argues that his testimony is directly relevant because he was involved in the contract negotiations and battery procurement that are at the heart of this dispute. Doc. 87 at 5. Lion argues that Nikola's motion is untimely.

Nikola has known the importance of Mr. Bazinet for many months. Its own motion states that he "provided significant testimony in the related arbitration" between Lion and Romeo that was instituted on October 26, 2022. Doc. 87 at 2. Mr. Bazinet submitted a witness statement in that arbitration on June 2, 2023. Doc. 92 at 3 & Ex. A. What is more, Nikola identified Mr. Bazinet as a person likely to have discoverable information in its initial disclosure statement served almost one year ago. *Id.* Ex. B. Nikola asked Lion on July 22, 2024, if Lion could present Mr. Bazinet for a deposition, and Lion responded one week later stating that it did not represent him. *Id.* Ex. D. And yet Nikola waited two months to seek a letter rogatory.

Nikola argues that it waited to review Lion's full document production before deciding whether to depose Mr. Bazinet, but Nikola itself states that he provided significant testimony more than a year ago, and Nikola listed him as a person with relevant knowledge in its initial discovery disclosures. Nikola also asserts that the importance of deposing Mr. Bazinet became clear just weeks ago on October 2, 2024, when another deponent in this case testified that Mr. Bazinet was the right person to answer questions. But that testimony clearly was not the impetus for this motion – Nikola filed this motion before the October 2 deposition. Doc. 78.

In short, Nikola has known of Mr. Bazinet's relevance to this case for more than a year and yet did not take steps to depose him until weeks before the close of discovery.

**B.     Patrick Judson Kenney.**

Mr. Kenney served as Lion's Senior Vice President, Procurement & Supply Chain. Doc. 88 at 2. Like Mr. Bazinet, he provided what Nikola characterizes as "significant testimony" in the related arbitration. *Id.* In fact, Nikola states that Kenney provided arbitration testimony on "key issues in this federal case." *Id.* Mr. Kenney submitted a witness statement in the arbitration on June 2, 2023. Doc. 93 at 3 & Ex. A. And Nikola identified Mr. Kenney as a person likely to have discoverable information in its own initial disclosures served on November 10, 2023. Further, Lion informed Nikola on July 22, 2024, that it could not present Mr. Kenney for a deposition, and yet Nikola waited more than two months to file this motion. *Id.* at 3.[1]

Nikola argues that it acted in a timely manner because Lion did not add Mr. Kenney to its disclosure statement until September 27, 2024, stating that he may have discoverable information on various facts in this case. But Nikola had so identified Mr. Kenney almost a year earlier in its initial disclosures. Doc. 93-1 at 15. In short, Nikola has known of Mr. Kenney's relevance to this case for more than a year and yet did not take steps to depose him until weeks before the close of discovery.

---

[1] Lion previously had agreed to present Mr. Kenney for a deposition, but he declined to appear when Nikola refused to pay his consulting fee. Doc. 88 at 3.

### C. Lion Customer.

Nikola's third request concerns a Lion customer based in Canada. Nikola seeks to depose a representative of the customer because Lion has identified the customer as one which cancelled its contract for Lion trucks as a consequence of not receiving battery packs from Romeo. Doc. 89 at 2. But Lion identified the customer for Nikola on March 20, 2024, and identified the substantial amount of revenue Lion allegedly lost when the customer's contract was cancelled. Doc. 94-1 at 28. In March and April 2024, the customer was identified in discovery responses and included discovery search terms, and Nikola noticed the depositions of four other customers who allegedly had cancelled contracts. *Id.* at 3 & Exs. B & C. Nikola argues that Lion did not add a representative of the customer to its initial disclosures until September 27, 2024, but Nikola knew about the customer and its claimed loss six months earlier and yet took no steps to schedule the deposition.

### D. Conclusion.

Nikola was well aware of these witnesses and their relevance to this case long before it acted to depose them, and they could have been deposed within the year allowed for fact discovery through reasonable diligence. As a result, good cause to extend the discovery schedule does not exist under Rule 16(b)(4) and the Court will not issue the requested letters rogatory.

**IT IS ORDERED** that Nikola's corrected motions for letters rogatory (Docs. 87, 88, 89) are **denied**. The motions have been lodged under seal, but no motion to seal has been filed. *See* Doc. 86. The Court rules on them nonetheless because the close of discovery is fast approaching. The lodging of these documents, and the generally unworkable state of the docket (*see* Doc. 98), appears to be due to the parties' inability to work together and reach reasonable agreements. *See, e.g.*, Doc. 86. The parties shall confer and promptly submit a stipulation on the proper filing treatment of Docs. 78-80 and 87-89.

Dated this 23rd day of October, 2024.

David G. Campbell
Senior United States District Judge